

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY D. MITCHELL,

        Plaintiff,

Case No.: 3:17-cv-1164-J-25PDB

v.

NASSAU COUNTY BOARD OF
COUNTY COMMISSIONERS,

        Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, LARRY D. MITCHELL (hereinafter Plaintiff) sues Defendant, NASSAU COUNTY BOARD OF COUNTY COMMISSIONERS, (hereinafter Defendant ), and states:

1. This is an action for damages which exceeds the amount of fifteen thousand dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. At all times material hereto, the Plaintiff was and is a resident of Nassau County, Florida.

3. At all times material hereto Defendant was a county government operating as the County of Nassau, Florida.

## GENERAL ALLEGATIONS

4. Plaintiff was employed by Defendant from 9/9/85 to 10/14/15.

5. Throughout his employment with Defendant, Plaintiff has been the target of race discrimination and/or has witnessed acts of race discrimination by employees in supervisory positions with Defendant.

6. Plaintiff has complained about these acts of discrimination but rather than taking remedial action to eliminate discrimination in the workplace, Defendant, through the actions of its employees/supervisors, has sought to retaliate against Plaintiff.

7. As far back as 2001, Plaintiff filed charges of race discrimination with the Equal Employment Opportunity Commission (EEOC) against the Defendant.

8. On or about the year 2010: a track hoe machine was damaged by Chase Scarborough, Caucasian, Defendant, however, Plaintiff was blamed for the damage to county property and issued written discipline to Plaintiff.

9. Travis Kolletar, Caucasian, damaged a county machine known as a grader, but received no discipline from the Defendant.

10. On or about 2012, Plaintiff was injured on the job but the claim was not accepted by Defendant and so Plaintiff was forced to use sick time while Eugene Milligan, Caucasian, who was also injured on the job, and although the injury was not reported for three (3) weeks, his claim was accepted and so was not made to use sick time.

11. During 2012, Plaintiff, temporarily held the position of foreman, but was not permitted to take home the county vehicle assigned to him while all other foremen, who were Caucasian, were permitted to take home the county vehicles assigned to them.

12. Also in 2012, Chris Dixon, mechanic, knocked the back window out of a county owned truck and did not receive any discipline.

13. On or before September 27, 2012, Plaintiff made multiple complaints of race discrimination by David Hearns, Field Manager, most prominently during grievance

proceedings conducted by Ted Selby, County Manager, including reports of racial epithets being used by other employees, but no action was taken as Mr. Selby indicated that it would be a "he said, she said" situation.

14. Following the Step III grievance hearing, Mr. Selby resolved all issues against Plaintiff and upheld the suspension of Plaintiff's employment resulting in the loss of one week's pay.

15. In 2012, Plaintiff again filed charges of race discrimination with the EEOC against the Defendant.

16. Lonnie Polk, mower/tractor operator, Caucasian, tore down a fence, and received no discipline by the Defendant, however, he was permitted to work on the weekend following to repair the fence.

17. In early Spring, 2014, Plaintiff was accused of damaging the bucket of a track hoe and was written up for this even though it was clear that Plaintiff was not to blame. Plaintiff was ultimately successful in removing this written discipline by showing that the bucket had been damaged prior and not due to any action or mis-action on Plaintiff's part. It was later shown that it was actually in the possession of Lemmuel Cooner, Caucasian, to use and when Mr. Cooner returned it the track hoe was found to be damaged. Mr. Cooner did not receive any discipline.

18. In the Summer of 2014, Plaintiff was again accused of damaging county property, this time a dump truck, but it was later shown that Scott Hamilton, Caucasian, who actually damaged the dump truck by leaving the tail gate down. Mr. Hamilton did not receive any discipline.

19. On or about October 14, 2014, Plaintiff was wrongly accused of damaging a grader machine and received discipline for it.

20. On or about October 16, 2014, in an effort to get relief from the wrongful conduct of Mr. Hearn in connection with falsely accusing Plaintiff of damaging county property, the grader machine, Plaintiff submitted a grievance which included complaints that he was being discriminated against because of his race as well as speaking out against wide-spread mistreatment of African American employees in favor of Caucasian employees.

21. On or about 2014, Plaintiff filed charges of discrimination naming Defendant as Respondent, based on race discrimination.

22. On or about September 7, 2015, Plaintiff sought a permanent position of foreman.

23. On or about the same time that Plaintiff was seeking a permanent position as foreman, David Hearns, Caucasian, who all times material held the position of Field Manager, stated that they would not give the foreman job to "no niggers." Darren March; Keith Sawyer; and Dale Burkett, all supervisors, all heard Mr. Hearns make this statement yet took no action in response.

24. On or about September 18, 2015, Mr. Hearns, appointed Plaintiff to be foreman due to seniority. Dale Burkette, Caucasian, Field Supervisor, and Reggie Pophan, Caucasian, repeatedly challenged Plaintiff on that day, assigning Plaintiff's crew tasks that were contrary to what Plaintiff had assigned them.

25. Plaintiff complained to both Mr. Burkette and Mr. Pophan regarding their interference with his crew and immediately Mr. Pophan responded that if Plaintiff did

4

not like it Plaintiff "could meet him at the state line. It was well known that Mr. Pophan frequently challenged employees of Defendant by saying that they could meet him at the State Line. The State Line is a local bar.

26.   Plaintiff was suspended, pending an investigation, for the incident described in the immediately preceding paragraph, no action was taken against Mr. Pophan.

27.   Mr. Pophan was sent to obtain an injunction for protection against Plaintiff during normal working hours. The injunction was based on, in part, prior threats with a firearm on other employees which never happened.

28.   Upon Plaintiff's return to work, Ted Shelby, Caucasian, Nassau County Manager, advised Plaintiff that he could either retire or face termination.

29.   On or about October, 14, 2015, Plaintiff was forced to retire or face termination after being accused of threatening an employee, Mr. Pophan.

30.   Throughout all times material, Plaintiff's employment was governed by a Collective Bargaining Agreement (CBA) which provided that all disciplinary actions shall normally be progressive, which provided a 5 step process be followed to dismiss an employee, including Plaintiff. This process was not followed by Defendant in its dismissal of Plaintiff.

## COUNT I: RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE 1964 CIVIL RIGHTS ACT

31.   Plaintiff realleges paragraphs 1 - 30, as if fully set forth herein, and further alleges:

32.   This action is brought against the Defendant on the basis of an unlawful discriminatory practices relating to Plaintiff's race, as well as his opposition to race discrimination, in the workplace.

33.   Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq, provides, in pertinent part, that it is an unlawful employment practice for an employer . . . to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . race, and also prohibits discrimination against any person opposing actions which constitute a violation of Title VII.

34.   On or about October 22, 2015, Plaintiff has timely filed a Charge of Discrimination on the basis of his race and retaliation.

35.   All statutory pre-requisites have been complied with prior to the filing of this complaint.

36.   At all times material hereto, the Plaintiff is and has been a member of protected class, in that he is African American.

37.   The Plaintiff's race and/or his opposition conduct to race discrimination in the workplace, was the sole or motivating factor which contributed to the discrimination against him in the terms, conditions and/or privileges of his employment, including but not limited to the termination of Plaintiff's employment as herein alleged.

38.   As a direct and proximate result of the actions of its' agents and/or employees, the Defendant has caused the Plaintiff to suffer lost wages, past, present and future, mental anguish, pain and suffering and loss of dignity.

39. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

40. Plaintiff has obligated himself to pay a reasonable attorney's fee, including costs, in connection with the bringing of this action.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for back pay, front pay, compensatory and punitive damages, pre-judgment interest, costs, attorney's fees, and any further relief the Court deems just and proper.

## COUNT II: VIOLATIONS OF THE FCRA (RACE DISCRIMINATION)

41. Plaintiff realleges paragraphs 1 - 40, as if fully set forth herein, and further alleges:

42. This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's race.

43. Section 760.10(1)(a), Florida Statutes, states that it is an unlawful employment practice for an employer.... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's...race.

44. On or about 2014, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No.: 510-2014-05181, which charged was dual filed and received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

45. On or about October 22, 2015, the Plaintiff filed another Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No.: 510-2015-05028, which charged was dual filed and received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

46. The Charges of Discrimination referred to in the immediately preceding paragraphs were filed within three hundred and sixty five (365) days from the date of the last discriminatory act in each instance, all in accord with Chapter 760, Florida Statutes.

47. Over one hundred and eighty (180) days past from the date of the filing of each charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

48. The Plaintiff's race was the sole or motivating factor which contributed to the discriminatory treatment in the terms and conditions of Plaintiff's employment with Defendant.

49. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered mental anguish, pain and suffering and loss of dignity.

50. Plaintiff has obligated himself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5) Florida Statutes provides that a reasonable attorney fee may be awarded to the prevailing party.

8

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, attorneys fees, and any further relief that this Court deems just and proper and demands a trial by jury on all issues so triable.

<u>**COUNT III: VIOLATIONS OF THE FCRA (RETALIATION DISCRIMINATION)**</u>

51. Plaintiff realleges paragraphs 1 - 30 and 31-50, as if fully set forth herein and further alleges:

52. Section 760.10(7), <u>Florida Statutes</u> (1993) states that, "it is an unlawful employment practice for an employer....to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge...", of discrimination against that employer.

53. At all times material hereto, the Plaintiff is and has been a member of a protected class, in that he opposed employment practices which are unlawful under Chapter 760, <u>Florida Statutes</u>.

54. On or about 2014, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No.: 510-2014-05181, which charged was dual filed and received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

55. On or about October 22, 2015, the Plaintiff filed another Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No.: 510-2015-05028, which charged was dual filed and received by the Florida Commission

on Human Relations (FCHR). The statutory period of 180 days has passed prior to the filing of the original charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of the original charge of discrimination.

56. The Charges of Discrimination referred to in the immediately preceding paragraphs, were filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760, Florida Statutes.

57. Over one hundred and eighty (180) days have passed from the date of the filing of each charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

58. At all times material hereto, the Plaintiff is and has been a member of a protected class in that he opposed practices which are unlawful employment practices under Chapter 760, Florida Statutes.

59. The Plaintiff's opposition to the unlawful employment practices were the sole or motivating factor which contributed to the discriminatory treatment in the terms and conditions of Plaintiff's employment with Defendant.

60. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered mental anguish, pain and suffering and loss of dignity.

61. Plaintiff has obligated himself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5) Florida Statutes provides that a reasonable attorney fee may be awarded to the prevailing party.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys fees, and any further relief that this Court deems just and proper and demands a trial by jury on all issues so triable.

## COUNT IV- VIOLATIONS OF SECTION 1983, 1988 AND THE 14th AMENDMENT

62.  Plaintiff realleges paragraphs 1 - 30 and 31-50, as if fully set forth herein, and further alleges:

63.  This action arises under 42 U.S.C. §§1983, 1988 and the Fourteenth Amendments to the United States Constitution.

64.  Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(4).

65.  Venue properly lies in the Middle District of Florida, pursuant to 28 U.S.C. §1391.

66.  The Defendant deprived the Plaintiff of his rights and privileges secured by the Constitution and the laws of the United States in that it maintained a policy that when followed resulted in discriminatory and retaliatory actions in violation of the Fourteenth Amendment.

67.  The Defendant is liable for actions of its agents and or employees which violated Plaintiff's rights as outlined above, because the Defendant had the final authority to terminate Plaintiff from his employment with the County of Nassau.

**WHEREFORE,** the Plaintiff demands judgment against Defendant for the following:

(a)  a declaratory judgment declaring the acts and practices of Defendant complained of herein to be in violation of the laws of the United States;

(b)  reinstatement of the Plaintiff, or if reinstatement is not feasible, front income;

(c)  past lost income;

(d)     compensatory damages;

(e)     the cost of this action together with reasonable attorney's fees.

(f)     trial by jury; and

(g)     such other relief as this Court deems necessary and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

David B. Sacks, Esquire
Florida Bar No.: 964409
4494 Southside Blvd., #101
Jacksonville, FL 32216
(904) 634-1122; Fax (904) 355-8855
Email: david@sackslegal.com
ATTORNEY FOR PLAINTIFF