**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY D. MITCHELL,

    Plaintiff,

v.                                        Case No. 3:17-cv-1164-J-32PDB

NASSAU COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Defendant.

_____

**O R D E R**

This race discrimination and retaliation case is before the Court on Defendant Nassau County Board of County Commissioners' ("the Board") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"), (Doc. 16), to which Plaintiff Larry Mitchell has responded, (Doc. 17). Mitchell alleges that throughout his employment with the Board from 1985-2015, he was the target of race discrimination by other employees in supervisory positions.[1] (Doc. 11 ¶ 5). Further, Mitchell alleges that on October 14, 2015, Nassau County Manager Ted Selby forced him to retire or face termination after he was accused of threatening another employee. (Id. ¶ 29). As a result, on November 20, 2017, Mitchell filed the SAC alleging six causes of action,

---

[1] According to Charges of Discrimination that Mitchell filed with the EEOC, Mitchell worked at the Board as a maintenance helper and an operator in the Public Works Department. (Doc. 16 at 17, 23).

including: race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") (Count I); race discrimination under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") (Count II); retaliation under the FCRA (Count III); race discrimination under 42 U.S.C. §§ 1983, 1988, and the Fourteenth Amendment to the U.S. Constitution (Count IV); retaliation under § 1983, § 1988, and the Fourteenth Amendment (Count V); and retaliation under Title VII (Count VI).[2]

The Board now moves to dismiss the SAC on the grounds that Mitchell failed to exhaust his administrative remedies with respect to several allegedly discriminatory or retaliatory acts underlying his Title VII and FCRA counts. (Doc. 16 at 5-10). The Board argues that those acts are time-barred or premature and cannot give rise to actionable Title VII or FCRA claims. In addition, the Board contends that several of the allegations underpinning Mitchell's § 1983 counts are time-barred (specifically, Doc. 11 ¶¶ 8-13), and that Mitchell fails to state a claim upon which relief may be granted in his § 1983 claims because he has not identified a municipal policy or custom causing his injury. (Id. at 10-12).

Mitchell responds that he has not alleged any claims that would be time-barred and, to the extent he has, those allegations "were not meant to be considered separate claims." (Doc. 17 at 2). Mitchell admits that allegations such as those in paragraphs 8,

---

[2] Mitchell filed his initial complaint on October 17, 2017, (Doc. 1), but the Court sua sponte dismissed it as a shotgun pleading, (Doc. 5). He filed a First Amended Complaint on November 2, 2017, (Doc. 6), but the Board moved to dismiss it on the grounds that it was still a shotgun pleading, (Doc. 10). In response, Mitchell filed the SAC, (Doc. 11)—the operative pleading.

2

10, 11, 17, 18, and 19 of the SAC occurred "outside any actionable time period" and that, "taken individually, [they] would be legally insufficient, as none arise to a tangible employment action." (Id.). Rather, Mitchell contends that those allegations serve as "background evidence on individual treatment or the pattern and practice of discriminatory conduct and animus on the part of the employer." (Id.). Mitchell generally asserts that "all the events that fall outside the charging period are included as either components of a hostile environment or background facts to actual claims being made." (Id. at 3). For support, Mitchell relies on the Supreme Court's opinion in National Railroad Passenger Corp. v. Morgan, which addresses whether, and in what circumstances, a Title VII plaintiff may sue on events that fall outside the timely-filing period. 536 U.S. 101, 110-21 (2002) (untimely acts can be used "as background evidence in support of a timely claim," but cannot themselves form the basis for liability, while a charge alleging a hostile work environment claim will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period for filing the charge).

In each of the six counts in the SAC, Mitchell realleges spans of paragraphs from the General Allegations section, (see Doc. 11 ¶¶ 31, 42, 52, 63, 70, 77), some of which he acknowledges are untimely, see supra. However, it is not sufficient for Mitchell to simply state, as he does in the response, that he "has no intention of bringing claims that would be barred for whatever reason." (Doc. 17 at 2). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that

3

the pleader is entitled to relief." The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Despite the apparent concessions in Mitchell's response, it is unclear precisely which allegations he agrees are untimely and which he intends to use merely as background evidence in support of his timely claims. See Wilson-Goines v. Marriott Ownership Resorts, Inc., No. 8:12-CV-1675-T-33MAP, 2012 WL 4513070, at *4 (M.D. Fla. Oct. 1, 2012) ("time-barred, discrete acts may be used by a plaintiff to support timely claims of discrimination"). Moreover, he did not address whether the acts giving rise to his § 1983 claims are barred by the statute of limitations, as the Board argues, and if so, whether they may properly support his allegations of a custom or policy of race discrimination.[3]

Regardless of the deficiencies in his SAC and response, the Court shall afford Mitchell a final opportunity to file his best amended complaint. In doing so, he shall reorganize the third amended complaint so it is clear which prior acts are admittedly untimely but constitute background evidence in support of timely claims, and which acts are timely and thus may form the basis for actionable claims. In addition, although the EEOC charges and Mitchell's response suggest that he intended to bring a hostile work environment claim, the operative complaint contains no such cause of action. Instead, all of Mitchell's claims are based on "race discrimination" or

---

[3] To the extent Mitchell relies on paragraphs 68 and 75 in support of his claim of unlawful customs, policies, and practices under § 1983, they are conclusory, as the Board argues.

4

"retaliation." To the extent Mitchell is bringing a hostile work environment claim, it must be set out as a separate count.[4]

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 16) is **GRANTED**.

2. The Second Amended Complaint (Doc. 11) is **DISMISSED without prejudice**.

3. Plaintiff shall file a Third Amended Complaint by **May 11, 2018**.

4. Defendant shall file an answer or motion to dismiss by **June 11, 2018**.

5. In the meantime, the parties remain governed by the Case Management and Scheduling Order. (Doc. 19).

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of April, 2018.

---

[4] Title VII prohibits a hostile work environment in which "a series of separate acts . . . collectively constitute one 'unlawful employment practice.'" Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). As opposed to "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire," a hostile work environment claim addresses acts "different in kind" whose "very nature involves repeated conduct," such as "'discriminatory intimidation, ridicule, and insult.'" Id. at 114-16, 122 S.Ct. 2061 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Thus, these "claims are based on the cumulative effect of individual acts." Id. at 115, 122 S.Ct. 2061.

McCann v. Tillman, 526 F.3d 1370, 1378 (11th Cir. 2008).

5

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record